**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NENAD STOJKOVIC,<br>Plaintiff,<br>v.<br>TRI-STATE LIQUORMART, LTD.,<br>Defendant. | C.A. No. 26-_____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff NENAD STOJKOVIC by and through his undersigned counsel, brings this Complaint against Defendant TRI-STATE LIQUORMART LTD. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff NENAD STOJKOVIC ("Stojkovic") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Stojkovic's original copyrighted Work of authorship after removal of his copyright management information ("CMI").

2. Stojkovic is an economist by profession, but he dedicates his free time to music and photography. He likes to create because he identifies himself as an artistic soul by nature. As for photography, Stojkovic likes to photograph people, their jobs and present their properties in an interesting and artistic way. He also finds great pleasure in photographing children, interiors, events, food and musical instruments.

3. Defendant TRI-STATE LIQUORMART LTD. ("Tri-State LiquorMart") is a Delaware-based retail liquor business operating under the name Tri-State Liquors in Claymont,

Delaware. The company operates as a beverage retailer specializing in the sale of beer, wine, and distilled spirits to consumers. Its business is situated in the Claymont community and has been identified in public business records as a liquor-store retailer serving the local market.. At all times relevant herein, Tri-State LiquorMart owned and operated the internet website located at the URL: https://www.instagram.com/p/CrPMI5WvvKv/ (@tristateliquors4319 Instagram social media page) (the "Website").

4. Stojkovic alleges that Tri-State LiquorMart copied Stojkovic's copyrighted Work from the internet in order to advertise, market and promote its business activities. Tri-State LiquorMart committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of the Tri-State LiquorMart's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Tri-State LiquorMart is subject to personal jurisdiction in Delaware.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Tri-State LiquorMart engaged in infringement in this district, Tri-State LiquorMart resides in this district, and Tri-State LiquorMart is subject to personal jurisdiction in this district.

## DEFENDANT

9. Tri-State LiquorMart Ltd. is a Delaware Corporation, with its principal place of business at 383 Naamans Road, Claymont, DE, 19703, and can be served by serving its

Registered Agent, HARVARD BUSINESS SERVICES, INC., 16192 COASTAL HWY., LEWES, DE 19958.

**THE COPYRIGHTED WORK AT ISSUE**

10. In 2020, Stojkovic created the photograph entitled "Various cocktails on the bar counter with bar equipment in the background.," which is shown below and referred to herein as the "Work."



11. Stojkovic's Work is protected by copyright but is not otherwise proprietary, or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Work are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

12. Stojkovic registered the Work with the Register of Copyrights on October 13, 2021 as part of a group registration. The Group Registration was assigned registration number VA 2-274-302. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Stojkovic makes his work available via Flickr and a Creative Commons 2.0 License.

14. Stojkovic published the Work on or about August 21, 2020, by displaying it on Flickr at the internet URL: https://nenadstojkovicart.com/image?id=6484076868d8189de7f7f1.0169863.




15. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

16. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

17. Stojkovic's display of the Work on Flickr also included CMI next to the Work in the form of Stojkovic's name, the year when the Work was first created, and the link to the licensing terms that state: "Can be reused under the CC by 2.0 license."

---

[1] https://creativecommons.org/licenses/by/2.0/

18. At all relevant times Stojkovic was the exclusive owner of the copyrighted Work.

## INFRINGEMENT BY TRI-STATE LIQUORMART

19. Tri-State LiquorMart has never been licensed to use the Work for any purpose.

20. On a date after the Work at issue in this action was created, but prior to the filing of this action, Tri-State LiquorMart copied the Work.

21. Within three years of filing this action, Stojkovic learned of the unauthorized use of his Work on the Website at the following URL:

a. https://www.instagram.com/p/CrPMI5WvvKv/

22. Tri-State LiquorMart copied Stojkovic's copyrighted Work without Stojkovic's permission.

23. After Tri-State LiquorMart copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its social media post.

24. Tri-State LiquorMart copied and distributed Stojkovic's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

25. Tri-State LiquorMart committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

26. Stojkovic never gave Tri-State LiquorMart permission or authority to copy, distribute or display the Work for any purpose.

27. When Tri-State LiquorMart copied and displayed the Work, Tri-State LiquorMart cropped and removed Stojkovic's CMI that was present below the original posting of the Work by Stojkovic, and displayed and distributed the Work without the CMI, as shown below.




28. The version of the Work reproduced, displayed, distributed, and promoted by Tri-State LiquorMart omitted Stojkovic's CMI that appeared on below the version of the Work from which Tri-State LiquorMart copied.

29. By knowingly removing or omitting Stojkovic's CMI from the Work, Tri-State LiquorMart obscured the title of the Work and Stojkovic's identity as the author and copyright owner of the Work, concealing its infringement, and making it more difficult for consumers, potential licensees, and others to identify or locate Stojkovic and thereby facilitating, enabling, concealing, or inducing infringement of Stojkovic's copyrights.

30. Stojkovic notified Tri-State LiquorMart of the allegations set forth herein on October 29, 2025 and November 14, 2025. To date, the parties have failed to resolve this matter.

31. When Tri-State LiquorMart copied and displayed the Work, Tri-State LiquorMart failed to provide attribution as required by the CC 2.0 license.

32. Tri-State LiquorMart's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of CMI.

33. Stojkovic never gave Tri-State LiquorMart permission or authority to remove CMI from the Work.

**COUNT I**

**COPYRIGHT INFRINGEMENT**

34. Stojkovic incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Stojkovic owns a valid copyright in the Work.

36. Stojkovic registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

37. Tri-State LiquorMart copied, displayed, and distributed the Work and made derivatives of the Work without Stojkovic's authorization in violation of 17 U.S.C. § 501.

38. Tri-State LiquorMart performed the acts alleged in the course and scope of its business activities.

39. Defendant's acts were willful.

40. Stojkovic has been damaged.

41. The harm caused to Stojkovic has been irreparable.

**COUNT II**

**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**

42. Stojkovic incorporates the allegations of paragraphs 1 through 333 of this Complaint as if fully set forth herein.

43. The Work at issue in this case requires attribution under the CC by 2.0 Creative Commons license and contains CMI.

44. Tri-State LiquorMart knowingly and with the intent to enable or facilitate copyright infringement, displayed the Work on Tri-State LiquorMart's Website, without any of the attributions in violation of 17 U.S.C. § 1202(b).

45. Tri-State LiquorMart distributed the Work to the Website knowing that the CMI has been removed or altered without the authority of the copyright owner or the law.

46. Tri-State LiquorMart committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Stojkovic's rights in the Work.

47. Tri-State LiquorMart caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Stojkovic's rights in the Work.

48. Stojkovic has been damaged.

49. The harm caused to Stojkovic has been irreparable.

WHEREFORE, the Plaintiff NENAD STOJKOVIC prays for judgment against the Defendant TRI-STATE LIQUORMART LTD. that:

a. Tri-State LiquorMart and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Tri-State LiquorMart be required to pay Stojkovic his actual damages and Defendant's profits attributable to the infringement, or, at Stojkovic's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Stojkovic be awarded his attorneys’ fees and costs of suit under the applicable statutes sued upon;

d. Stojkovic be awarded pre- and post-judgment interest; and

e. Stojkovic be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Stojkovic hereby demands a trial by jury of all issues so triable.

Dated: September 17, 2026

**SMITH, KATZENSTEIN & JENKINS, LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Nenad Stojkovic*